[No. 1581.]

## Henry Mangum v. The State.

Carrying Pistol—Evidence.—See the opinion *in extenso* for facts *held* insufficient to establish the carrying of deadly weapons, as that offense is defined by statute.

Appeal from the District Court of Trinity. Tried below before the Hon. J. R. Kennard.

The opinion discloses the case.

*Robb & Stevenson* and *Denson & Burnett,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. Henry Mangum was convicted of unlawfully carrying a pistol, and was fined twenty-five dollars.

Defendant and others were on their way to church, when defendant found the pistol in the road, got down, picked it up and knocked the dirt from it, put it in his pocket and went on to church, but did not go into the church building. After church, defendant, accompanied by Charlie Hodge, went to Mr. Fussel's, who lived about one-half mile from the church. While there the State's witness (Fussel being the only witness for the State) says that on a Sunday in March or April, 1883, defendant was at his house, sitting in a chair; witness heard something fall, looked and saw a pistol under the chair of the defendant. Defendant put his hat over the pistol. Witness went into another room, and upon returning the pistol was gone.

Do the above facts show a violation of the law? Does the penal law of this State prohibit and punish a citizen for finding a pistol and carrying it to his house? We think not. A party may so carry a found pistol as to be guilty of a violation of the Code, but certainly the facts of this case are not such as to warrant such a conclusion.

The facts do not support the judgment, and for this reason it must be reversed and the cause remanded.

*Reversed and remanded.*